IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MATTHEW ARNOLD PEARSON, II,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.: _____ |
| | § | JURY DEMANDED |
| **LYNN'S LANDSCAPING, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HON. JEFFREY V. BROWN, UNITED STATES DISTRICT JUDGE:**

Plaintiff, Matthew Arnold Pearson II, brings this action against defendant, Lynn's Landscaping, Inc., because plaintiff was discharged from his employment with defendant as a result of defendant's unlawful racial discrimination, its intentional deprivation of plaintiff's civil rights, and its interference with his equal privileges and immunities under the law in violation of 42 U.S.C. § 1981, and by way of a complaint states as follows:

### PARTIES

1. Plaintiff, Matthew Arnold Pearson II, is an individual who is a citizen of the State of Texas.

2. Defendant, Lynn's Landscaping, Inc., is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its president and owner, Greg Alan Gripon, at 2060 Pecan Orchard Road, League City, Texas 77573.

**JURISDICTION**

3. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343 because the action requests the recovery of damages for an injury due to the deprivation of a right or privilege of a citizen of the United States.

**COUNT I – VIOLATION OF SECTION 1981**

4. Plaintiff began working for defendant on or about September 1, 2019 and continued working for defendant until he was discharged from his position as field operations manager in its grounds maintenance department on or about August 31, 2020.

5. Plaintiff belongs to a protected class; namely he is African American. Defendant is an employer engaged in an industry affecting commerce. Specifically, defendant has been operating a nursery business in the League City area since 1951. Defendant offers the following lawn and landscaping services to its customers: (a) grounds maintenance, (b) aquascapes, (c) outdoor living products, (d) landscape design, (e) landscape planning, (f) outdoor lighting, (g) putting greens, (h) pavestone patios and walkways, and (i) flagstone patios and walkways.

6. By discharging plaintiff from his position as field operations manager, defendant has discriminated against plaintiff on the basis of race in the making and enforcing of contracts, including his contract of employment with defendant in violation of 42 U.S.C. § 1981.

7. This deprivation was caused by an employee of defendant who was acting within the course and scope of his employment at the time of the deprivation. This employee of defendant was empowered by defendant to take tangible employment actions against plaintiff.

8. As a result of the foregoing deprivation, plaintiff has been discharged unlawfully from his employment, has suffered anxiety and other distress, has suffered humiliation and embarrassment as a result of being discharged from his employment with defendant, has suffered

and will continue to suffer lost wages and fringe benefits from his loss of employment from defendant, and has suffered other compensatory damages to be proved at trial.

## DAMAGES

9. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages: (a) plaintiff was discharged from his employment with defendant; although plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay; (b) plaintiff suffered damage to his pension or retirement benefits; (c) plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits; (d) furthermore, as reinstatement of plaintiff in his previous position is impractical and unworkable, plaintiff seeks an award of future lost wages and benefits to compensate him until the mandatory retirement age of 70 years; (e) plaintiff is entitled to prejudgment interest on lost wages and benefits, and postjudgment interest on all sums, including attorney fees incurred in this action; and (f) punitive damages for intentionally discriminating against plaintiff because of his race.

## ATTORNEY FEES

10. Plaintiff was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorney fees and costs under Section 1981a, 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

11. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

12. For these reasons, plaintiff asks for judgment against defendant for the following: (a) an award of front pay in an amount deemed appropriate by this Court, or alternatively an order to reinstate plaintiff to his former position or a position comparable thereto; (b) an award of full

back pay (including fringe benefits and taking into account all raises to which plaintiff would have been entitled but for his unlawful discharge) from the date of plaintiff's discharge through the date of trial; (c) compensatory damages; (d) prejudgment and post-judgment interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. § 1961; (e) an award of attorneys' fees and costs of litigation incurred; (f) punitive damages; and (g) an award of such other and further relief as this Court deems equitable and just.

                                            Respectfully submitted,

                                            By: /s/ *Mark Aronowitz*
                                                MARK ARONOWITZ
                                                Texas Bar No.: 00793281
                                                S.D. Tex. 20421
                                                Attorney for Plaintiff
                                                markaronowitz@hotmail.com
                                                P.O. Box 1201
                                                Texas City, TX 77592-1201
                                                Tel.:   (281) 402-6780
                                                Fax:   (281) 715-4284

OF COUNSEL:
JULIA CATHERINE HTCHER

                                            ATTORNEY IN CHARGE FOR PLAINTIFF,
                                            MATTHEW ARNOLD PEARSON II