**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MATTHEW ARNOLD PEARSON, II, | § § § § | |
| *Plaintiff*, | § | |
| v. | § § | CASE NO.: 3: 21-CV-00050 |
| LYNN'S LANDSCAPING, INC., | § § § | |
| *Defendant*. | § | |

**DEFENDANT'S MOTION IN LIMINE AND/OR MOTION TO EXCLUDE EVIDENCE**

TO THE HONORABLE JUDGE JEFFERY V. BROWN:

Now comes, Defendant, Lynn's Landscaping, and request that this court grant this Motion *In Limine* and/or Motion to Exclude and issue an Order to all parties as follows:

The court should exclude all evidence the following evidence from use at trial. Alternatively, this Court should find this Order applies to all parties during the trial of this matter. Where used in this Order:

- The term "party" means each party in this action, and includes counsel, representatives, and all witnesses tendered by any of them; and

- The term "reference" means any reference to, mention of, or suggestion about, whether direct or indirect, and includes any oral reference as well as reference to any document, information, or other tangible thing.

Whenever in the presence or hearing of the jury, the venire, or any member of either, no party shall make any reference to the topics listed below without first approaching the bench and securing a ruling from the Court.

Each attorney shall admonish the client, client's representatives, and all non-adverse witnesses the attorney may call to testify to refrain from any such reference unless it is essential to respond truthfully to a question asked by opposing counsel.

To the extent that an exhibit includes inadmissible topics, the party must redact the inadmissible portion and retain only the admissible portion for use at trial.

The discovery period ended on 4/15/22. To date the Plaintiffs have produced a one-page w-2 form, designated no experts on damages or otherwise, produced no documents and/or information required in disclosures by this Court for cases of this nature, and designated the following witnesses with inapplicable and not relevant descriptions except for the parties:

Michael Scott
3531 Tampa Street
Houston, Texas
Tel. (409) 030-5400

Mr. Scott is plaintiff's uncle who is retired from service from UTMB in Galveston and has knowledge of plaintiff's work ethic. **This testimony is precluded by Rule 404.**[1]

Laura Lindsey
9227 Eaglewood Glen Trail
Houston, Texas 77083-6559
Tel. (832) 748-8503

Ms. Lindsey is plaintiff's aunt and as such she has knowledge of plaintiff's reputation for honesty and integrity. **This testimony is precluded by Rule 404.**

Anna Whatley
2322 Scott Street
La Marque, Texas 77568
Tel. (832) 606-2726
Email nielasd@hotmail.com

Ms. Whatley was an outside sales representative for defendant during course of plaintiff's employment and such she has knowledge of defendant's knowledge, skills, and abilities in the field of horticulture. **This testimony is precluded by Rule 404.**

---

[1] **Rule 404. Character Evidence; Other Crimes, Wrongs, or Acts**
(a) Character Evidence.
(1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait…
(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

USCS Fed Rules Evid R 404, Part 1 of 4

1.        ☐    **Evidence not produced as required**. Any reference to any witness or document not disclosed in Rule 26 disclosures or in response to a proper discovery request.

The Plaintiff is required to produce the following information per the order of this court:

**<u>Documents that Plaintiff must produce to Defendant.</u>**

a.      All communications concerning the factual allegations or claims at issue in this lawsuit between Plaintiff and Defendant. **The Plaintiff produced none and should be precluded from offering any such evidence.**

b.      Claims, lawsuits, administrative charges, and complaints by Plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit. **The Plaintiff produced none and should be precluded from offering any such evidence.**

c.      Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period. **The Plaintiff produced none and should be precluded from offering any such evidence.**

d.      Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit. **The Plaintiff produced none and should be precluded from offering any such evidence.**

e.      Diary, journal, and calendar entries maintained by Plaintiff concerning the factual allegations or claims at issue in this lawsuit. **The Plaintiff produced none and should be precluded from offering any such evidence.**

f.      Plaintiff's current resume(s). **The Plaintiff produced none and should be precluded from offering any such evidence.**

g.      Documents in the possession of Plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law. **The Plaintiff produced none and should be precluded from offering any such evidence.**

h.      Documents concerning: (i) communications with potential employers; **The Plaintiff produced none and should be precluded from offering any such evidence.** (ii) job search efforts; **The Plaintiff produced none and should be precluded from offering any such evidence.** and (iii) offer(s) of employment, job description(s), and income and benefits of subsequent employment. **The Plaintiff produced none and should be precluded from offering any such evidence.**

3

i.       Documents concerning the termination of any subsequent employment.  **The Plaintiff produced none and should be precluded from offering any such evidence.**

j.       Any other document(s) upon which Plaintiff relies to support Plaintiff's claims. **The Plaintiff produced none and should be precluded from offering any such evidence.**

**Information that Plaintiff must produce to Defendant.**

a.       Identify persons Plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

b.       Describe the categories of damages Plaintiff claims.   **The Plaintiff produced none and should be precluded from offering any such evidence.**

c.       State whether Plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been granted, and the nature of the award, if any. Identify any document concerning any such application. **The Plaintiff produced none and should be precluded from offering any such evidence.**

Further, the Plaintiff has failed to offer any produce any evidence of the following:

**Prima Facie Case**

To establish a prima facie case of discrimination, a plaintiff must show that she "(1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.,* 245 F.3d 507, 513 (5th Cir. 2001) (cleaned up). **Neither party has produced any evidence of fourth element. Therefore, the Plaintiff should be precluded from offering any such evidence at trial and in accordance with this order.**

**Legitimate Non-discriminatory Reason**

When a plaintiff establishes a prima facie discrimination case, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action.

*See Nall v. BNSF Ry. Co.,* 917 F.3d 335, 341 (5th Cir. 2019). "If the employer produces any evidence, which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action, then the employer has satisfied its burden of production." *Daigle*, 70 F.3d at 396 (quotation omitted). Defendant has put forth sufficient evidence and the Plaintiff admits in his petition that would allow a reasonable juror to conclude that it terminated Charles for a legitimate, non-discriminatory reason. Specifically, Defendant and Plaintiff indicate that Plaintiff was fired for repeatedly installing the wrong type of equipment and poor job performance. These are all legitimate, non-discriminatory reasons for termination. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 390 (5th Cir. 2007) (failure to follow a directive from an employer is a legitimate, non-retaliatory reason for termination); *Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 313 (5th Cir. 2004) (holding that "violating a non-discriminatory company policy is adequate grounds for termination"); *Little v. Republic Refin. Co.,* 924 F.2d 93, 96 (5th Cir. 1991) (holding that plaintiff's poor job performance was a legitimate, non-discriminatory reason for termination).

Because Defendant has satisfied its burden of production, the burden shifts back to Plaintiff to establish a genuine issue of material fact by showing that Defendant's proffered reasons for her termination are pretextual.

**Pretext**

To avoid summary judgment, "Plaintiff must present substantial evidence that Defendants legitimate, nondiscriminatory reason[s] for termination [are] pretextual." *Delaval v. PTech Drilling Tubulars, L.L.C.,* 824 F.3d 476, 480 (5th Cir. 2016) (quotation omitted). This means "Plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of Defendant's decision." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). *See also Goudeau v. Nat'l Oilwell Varco*, L.P., 793 F.3d 470, 478 (5th

Cir. 2015) ("At the end of the day, the pretext inquiry asks whether there is sufficient evidence demonstrating the falsity of the employer's explanation, taken together with the prima facie case, to allow the jury to find that discrimination was the but-for cause of the termination." (quotation omitted)). "In pretext cases, it is not enough that the [employer] was wrong about the underlying facts that motivated the adverse employment action. The only question is whether the employer had a good-faith belief that the facts that motivated the adverse action were true." Lucas v. T-Mobile USA, Inc., 217 F. Supp. 3d 951, 957 (S.D. Tex. 2016). **Pretext is established either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence**." *Delaval,* 824 F.3d at 480 (quotations omitted). "In conducting a pretext analysis, the court does not engage in second-guessing of an employer's business decisions." *Roberson-King v. La. Workforce Comm'n*, 904 F.3d 377, 381 (5th Cir. 2018) (quotation omitted). Plaintiff has stated at most an in a conclusory fashion that he was "treated less favorably than other similarly situated employees who . . . were non-Black." This statement, taken alone, is far from sufficient to meet her burden on pretext and the Plaintiff has not offered or provided notice of any evidence in discovery to support pretext in any way . Indeed, the Fifth Circuit has consistently held that an employee's subjective belief that she has suffered discrimination is insufficient to establish pretext. *See EEOC v. La. Off. of Cmty. Servs.,* 47 F.3d 1438, 1448 (5th Cir. 1995) ("[a] subjective belief of discrimination, however genuine, cannot be the basis of judicial relief"). Notably absent is any evidence supporting his claim that he was treated differently than those employees who were non-Black. Plaintiff has failed any evidence to remotely suggest as to when and how he was treated differently than those employees who were non-Black. It is well-settled that employers are "entitled to be unreasonable" in terminating their employees "so long as [they] do not act with discriminatory animus." *Sandstad v. CB Richard*

*Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002). *See also Owens v. Circassia Pharms.*, Inc., 33 F.4th 814, 826 (5th Cir. 2022) ("[T]he inquiry is not whether Defendant made a wise or even correct decision to terminate Plaintiff . . . . Instead, the ultimate determination, in every case, is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable factfinder could infer discrimination." (cleaned up)).

**Plaintiff offered no evidence in discovery that the legitimate, non-discriminatory reasons Defendant offered for terminating her were pretextual, Plaintiff should not be able to offer any evidence at trial.**

A.  **Hostile Work Environment**

Plaintiff did not assert or offer any evidence of a hostile work environment claim. The five elements of a hostile work environment claim are: (1) plaintiff is a member of a protected class; (2) plaintiff was subject to unwelcome harassment; (3) the harassment was based on plaintiff's protected class status; (4) the harassment was severe or pervasive enough to alter the condition of plaintiff's employment and create an abusive working environment; and (5) the employer knew or should have known of the harassment and failed to take action. *See Abbt v. City of Houston*, 28 F.4th 601, 607 (5th Cir. 2022). After correctly identifying all the elements of a hostile work environment claim, Plaintiff provided no evidence in discovery or plead any facts to support "he was subjected to unwelcome harassment, that any such harassment was based on her race, that any such harassment affected a term, condition, or privilege of her employment, or that Defendant knew or should have known of any such harassment and failed to take prompt remedial action."

**As Plaintiff did not plead or offer any evidence to support this claim, he should be precluded from offering any evidence at trial of same.**

B.     **Title VII Retaliation**

To set out a prima facie case of retaliation under Title VII, Charles must show that (1) she engaged in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal link between elements (1) and (2). *See Abbt*, 28 F.4th at 610. It is the third element, the causation piece, that dooms Charles's prima facie case on the Title VII retaliation claim. **As Plaintiff did not plead or offer any evidence to support this claim, he should be precluded from offering any evidence at trial of same.**

<u>**Pretrial Positions, Rulings, and Preparations**</u>

2. ☐ **Alternative pleadings, theories, and requests for relief.** Any reference regarding the fact that a party may have had alternative pleadings, other theories of liability, or other requests for relief in this lawsuit that did not go to trial. Fed. R. Evid. 401 – 403.

3. ☐ **Pretrial motions or matters.** Any reference to pre-trial motions or matters, including summary judgment motions and the Court's rulings on such motions. Fed. R. Evid. 401 – 403.

4. ☐ **Discovery disputes.** Any reference to discovery disputes that arose during the preparation of the case for trial, any position taken by any party, or to the Court's rulings. Fed. R. Evid. 401 – 403.

5. ☐ **Reference to the filing of any motion *in limine*.** Any reference to the filing of any motion *in limine* by any party or the Court's ruling on any such motion. Fed. R. Evid. 401 – 403.

6. ☐ **Exclusion of evidence.** Any reference that suggests that a party sought to exclude from evidence or proof any matters bearing on the issues in this case or the rights of any party to this suit. Fed. R. Evid. 401 – 403.

7. ☐ **Retention of attorney.** Any reference to the time or circumstances under which either party consulted or retained an attorney. Fed. R. Evid. 401 – 403.

8. ☐ **Trial preparation of represented witnesses.** Any reference about how other counsel prepared witnesses who they represent for trial testimony. Fed. R. Evid. 401 – 403.

9. ☐ **Jury research.** Any reference to the fact that any party may have retained or consulted with jury consultants or conducted mock trials or focus groups. Fed. R. Evid. 401 – 403.

### Responsibility and Recovery

10. ☐ **Settlement discussions.** Any reference to any negotiations, offers, or demands with respect to any attempted settlement or mediation, including all statements made by any party in settlement discussions during the course of those discussions. Fed. R. Evid. 408.

11. ☐ **Collateral source to the plaintiff.** Any reference suggesting that the damages sought by the plaintiff have been or will be paid in whole or in part by any collateral source including any insurance or employee benefit plan, social security or welfare, veterans or other benefits, or charitable services. Fed. R. Evid. 401 – 403.

12. ☐ **Liability or non-liability for judgment.** Any reference suggesting that any defendant may or may not have to pay any resulting judgment.

13. ☐ **Insurance to the defense.** Any reference suggesting the involvement of an insurance company with the defense of the case including that the defendant is or is not protected by liability insurance in whole or in part, or that defense counsel was retained by an insurance company, or that all or any part of the costs of defense, or of any resulting judgment, are or will be paid by an insurance company. Fed. R. Evid. 401 – 403.

14. ☐ **Attorneys' fees.** Any reference suggesting the amount or basis of any attorneys' fees or that any party will have to pay attorneys' fees. Fed. R. Evid. 401 – 403.

15. ☐ **Social cost of award.** Any reference suggesting that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation. Fed. R. Evid. 401 – 403.

16. ☐ **Golden Rule.** Any reference that the jurors should put themselves in the position of a party. Fed. R. Evid. 401 – 403.

17. ☐ **Hardship or privation.** Any reference suggesting that a failure to award damages will cause a plaintiff privation or financial hardship. Fed. R. Evid. 401 – 403.

### Personal Characteristics

18. ☐ **Prior suits or claims.** Any reference that any party has been party to a prior legal proceeding, has asserted a prior claim, or has had a prior claim or suit asserted against it. Fed. R. Evid. 401 – 403.

19. ☐ **Criminal offenses.** Any reference suggesting that any party or witness has been suspected of, arrested for, charged with, or convicted of any criminal offense unless the Court has previously ruled admissible evidence of a specific conviction. Fed. R. Evid. 404(b).

20.   ☐   **Discrimination.** Any reference suggesting favorable or unfavorable treatment due to the race, gender, national origin, nationality, religion, political beliefs, marital status, occupation, or financial status of any party or person. Fed. R. Evid. 401 – 403.

21.   ☐   **Alcohol or drug use.** Any reference suggesting that any party or witness uses or abuses alcohol, tobacco, or any controlled substance unless the Court has previously ruled that such alleged use or abuse is relevant to the matters in controversy. Fed. R. Evid. 401 – 403.

22.   ☐   **Comparison of relative size.** Any reference to the relative economic size of each party, including any comparison of numbers of employees, revenues, net worth, earnings, or profits. Fed. R. Evid. 401 – 403.

23.   ☐   **Location or size of any firm.** Any reference suggesting favorable or unfavorable treatment due to where a particular lawyer or firm is from or how big it is. Fed. R. Evid. 401 – 403.

## Trial Conduct

24.   ☐   **Privileged communications.** Any reference to the intent or understanding of counsel to any party, including any reference to the content of any attorney-client privileged or confidential communications or lack thereof. Fed. R. Evid. 501.
Counsel shall refrain from asking any question that may tend to require an attorney or witness to divulge a client confidential or privileged communication, or which may tend to require an attorney or witness to have to object to answering on such grounds. Fed. R. Evid. 403.

25.   ☐   **Requests for stipulations.** Any reference to the fact that counsel for any party may have declined or refused to stipulate to any matter.
Counsel shall refrain from making any request or demand for a stipulation to any fact or that counsel admit or deny any fact.

26.   ☐   **Requests for files.** Any request or demand that opposing counsel or any party or witness produce any document or thing or display, turn over, or allow examination of the contents of any file, briefcase, or box in the courtroom. This does not apply to documents used by a witness to refresh recollection.

27.   ☐   **Statement of any venire person.** Any reference to a statement of any venire person after the conclusion of jury selection. Fed. R. Evid. 401 – 403.

28.   ☐   **Counsel's opinion of credibility.** Any reference to counsel's personal opinion regarding the credibility of any witness.

29.   ☐   **Testimony of absent witness.** Any reference as to the probable testimony or its nature of any witness who is unavailable to testify or not called to testify. This does not apply

if the party suggesting such testimony in good faith expects the witness to testify in person or by deposition.

30. ☐ **Failure to call witness.** Any reference to the failure of an opposing party to call any witness.

31. ☐ **Attendees in the courtroom.** Any reference to any person sitting in the courtroom other than witnesses, counsel, the party's corporate representatives, or Court personnel. Fed. R. Evid. 401 – 403.

32. ☐ **Items not offered as an exhibit.** Any reference to any document or material not being offered by any party. Fed. R. Evid. 401 – 403.

33. ☐ **Objections to evidence not produced in discovery.** Any reference to an alleged failure or refusal by one party to provide the other with discovery, including any reference that a party has not engaged in good faith discovery or has withheld or failed to produce any document or other material to which the other party claims entitlement. Any party desiring to urge any objection on such basis shall request to approach the bench and urge this objection outside the hearing of the jury.

34. ☐ **Display before admission or approval.** Any reference to material not admitted or approved for showing to the jury, including display of any demonstrative evidence that has not previously been shown to the opposing party's counsel outside the presence of the jury.

Counsel shall not show, display, or store any exhibits or demonstrative exhibits in such a manner that the jury or any juror can see them unless and until the Court has admitted the item in evidence or approved its use before the jury.

Respectfully submitted,
**W.D. Collins Law Firm, P.L.L.C.**

By: /s/ *Wayne D. Collins*

Wayne D. Collins
Texas Bar No. 00796384
wayne@wdcollins.co
Roy J. Elizondo, III
Texas State Bar No: 24036519
roy@wdcollins.co
2032 Buffalo Terrace
Houston, Texas 77019
Phone: (281) 712-1197
E-Service Email:
WDCollinsLawFirm@NETORGFT8210174.onmic
rosoft.com

OF COUNSEL:

Shana O'Neal
State Bar No. 24006944
Law Office of Shana
O'Neal 5201 Sandy
Meadow Lane League
City, Texas 77573
Telephone: (832) 385-
1263

**W.D. Collins Law Firm, P.L.L.C.**

Afton J. Parker
Texas Bar No.
24091349
afton@wdcollins.co
5535 Memorial Drive, Suite F,
Box 1102 Houston, Texas 77002
Phone: (281) 712-1197

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing documents was sent to all counsel of record via facsimile or U. S. Mail on this 5th day of August 2022:

/s/ Wayne D. Collins
Wayne D. Collins